UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MAGNUM REIGN,

    Plaintiff,                    Hon. Robert J. Jonker

v.                                  Case No. 1:23-cv-937

AUDRIANNA WILLIAMS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motions to Dismiss (ECF No. 16, 19, and 21) and Defendants' Motions for Summary Judgment (ECF No. 42 and 44). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions to dismiss be dismissed as moot, Defendants' motions for summary judgment be granted, and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against (1) Audrianna Williams; (2) Jeanette Depue; (3) Heidi Smith; (4) Dianne Hubbell; (5) Michelle Kidd; (6) Faith Roberts; (7) SallyAnna Bender; (8) Mary Eikenhout; (9) Jennifer Skeltis; (10) Melissa Lorentz; (11) Paul Troost; (12) Joshua Schad; (13) Chelsea Barnes; and (14) Patricia Lamb. (ECF No. 1). Plaintiff's allegations concern events occurring over a six-month period in 2022, during which time Plaintiff was incarcerated with the Michigan Department of Corrections at

-1-

the Richard A. Handlon Correctional Facility (MTU). Plaintiff has since been released from MDOC custody.

Plaintiff's complaint, 66 pages in length, asserts 31 distinct counts.[1] But, with one exception, Plaintiff's allegations all concern his assertion that Defendants rescinded his bottom bunk accommodation and/or failed to provide him a bottom-bunk accommodation. Plaintiff's claims against Defendants Kidd, Roberts, and Bender, counts 11-15, have already been dismissed. (ECF No. 12). The remaining Defendants now move for summary judgment. Plaintiff has responded to Defendants' motions. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398

---

[1] The counts in Plaintiff's complaint, articulated in separate paragraphs under the heading "Claims for Relief," are located at the conclusion of his complaint. (ECF No. 1, PageID.59-65).

-2-

F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether

the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

**I.   Medical Co-Pay**

In Count 1 of his complaint, Plaintiff alleges that Defendant Skeltis retaliated against him in violation of his First Amendment rights. (Complaint at ¶ 404). Regarding this claim, Plaintiff alleges the following. On May 25, 2022, Plaintiff was examined by a medical provider who charged him a $5 co-pay.[2] (*Id.* at ¶ 49). On August 15, 2022, Plaintiff submitted a kite arguing that he should not have been charged the $5 co-pay. (*Id.* at ¶ 48-49). Defendant Skeltis responded to Plaintiff's kite, informing him that the $5 co-pay would not be rescinded. (*Id.* at ¶ 48-49).

On August 23, 2022, Plaintiff was instructed by "housing unit officers to move to another room onto a top bunk." (*Id.* at ¶ 57). Plaintiff responded by informing the officers that he "has a permanent lower bunk accommodation." (*Id.* at ¶ 58). But Plaintiff did not have any documentation establishing the existence of any such accommodation. (*Id.* at ¶ 59). When the officers investigated Plaintiff's claim, they

---

[2] Charging a prisoner a co-pay for medical treatment is expressly authorized by MDOC policy. *See* Michigan Department of Corrections Policy Directive 03.04.101; *see also*, *Nix v. Abbott*, 2023 WL 2782365 at *3 (W.D. Mich., Apr. 5, 2023) ("it is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay").

were informed by the "corrections Sergeant" that "Plaintiff does not have any special accommodation for a lower bunk." (*Id.* at ¶ 60-61).

Plaintiff alleges that Defendant Skeltis retaliated against him by "deleting [his] valid and permanent lower bunk accommodation." (*Id.* at ¶ 404). To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Plaintiff's claim fails because he cannot establish the second or third elements of his claim. As discussed below, Plaintiff has presented no evidence that he had a bottom bunk accommodation during the relevant time period. Even if the Court assumes that Plaintiff did have such an accommodation, Plaintiff has presented no evidence that Defendant Skeltis deleted or modified it.[3] Likewise, Plaintiff has presented no evidence that Defendant Skeltis was involved in the decision to move him to another cell. Finally, Plaintiff has no evidence that any allegedly adverse action undertaken by Defendant Skeltis was motivated by or related to Plaintiff's challenge to the $5 co-pay

---

[3] While Plaintiff has responded to Defendants' motions for summary judgment, he has provided no evidence. (ECF No. 48, 53). Instead, Plaintiff's response simply asks that Defendants' motions be denied because he "would like full court proceedings and a trial," and because Defendants "have consistently been dishonest and have continued to misrepresent the facts of this case." (*Id.*).

he was assessed. Accordingly, the undersigned recommends that Defendant Skeltis is entitled to summary judgment on Count 1 of Plaintiff's complaint.

## II.    Bottom Bunk Detail

The remaining claims in Plaintiff's complaint are all premised on Plaintiff's assertion that Defendants rescinded his bottom bunk accommodation and/or failed to provide him a bottom-bunk accommodation. Regarding this general allegation, Plaintiff advances the following causes of action: (1) First Amendment retaliation; (2) Eighth Amendment deliberate indifference; (3) Americans with Disabilities Act (ADA); and (4) Rehabilitation Act (RA).

### A.    Denial of Medical Treatment

Plaintiff alleges that Defendants violated his Eighth Amendment rights by cancelling his bottom bunk accommodation and/or failing to authorize a bottom bunk accommodation.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). But, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294

(6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that a prisoner simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

As previously noted, Plaintiff's allegations concern events occurring over a six-month period in 2022, during which time Plaintiff was incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility (MTU). Plaintiff transferred to MTU in August 2021. (ECF No. 45-2, PageID.526). When Plaintiff transferred to MTU he did not have a bottom bunk accommodation. (*Id.*). Plaintiff has presented no evidence to the contrary.

While he was housed at MTU, Plaintiff requested a bottom bunk accommodation on several occasions. (ECF No. 42-1, PageID.395-400, 403-06, 411, 416, 423). Physical examinations and x-rays, however, failed to reveal evidence or findings which warranted a bottom bunk accommodation. (*Id.*, PageID.384-85, 387-88, 391, 400, 408-09, 411, 413, 416-18, 422-24, 426-35, 439, 442, 452-53, 460-61). Accordingly, Plaintiff's requests for such an accommodation were denied. (*Id.*, PageID.400, 411, 413, 416-18, 422-24, 435, 453, 460).

With respect to Plaintiff's claim that Defendants deleted or cancelled his bottom bunk accommodation, Plaintiff has presented no evidence that he had a bottom bunk accommodation during the relevant time period. Moreover, even if the Court assumes that Plaintiff did have a bottom bunk accommodation, Plaintiff has presented no evidence that such was deleted or cancelled by any Defendant.

As for Plaintiff's claim that Defendants violated his Eighth Amendment rights by failing to approve him for a bottom bunk accommodation, Plaintiff has presented no evidence that such an accommodation was appropriate or necessary. Instead, Plaintiff merely disagrees with the professional judgment exercised by his various care providers. As already noted, however, such disagreement does not constitute an Eighth Amendment violation. Plaintiff's requests for a bottom bunk accommodation were evaluated and Plaintiff has presented no evidence that such assessments, or the care he otherwise received, was so deficient as to shock the conscience.

Accordingly, with respect to Plaintiff's claims that Defendants violated his Eighth Amendment rights,[4] the undersigned recommends that Defendants' motions for summary judgment be granted.

B.   Retaliation

Plaintiff alleges that Defendants deleted his bottom bunk accommodation and/or refused to provide him a bottom bunk accommodation out of a desire to retaliate against him. Even if the Court assumes that Plaintiff engaged in protected conduct, Plaintiff cannot satisfy the other two elements of a retaliation claim. Plaintiff has presented no evidence that any Defendant deleted his bottom bunk accommodation. Furthermore, the evidence shows that Defendants denied his requests for a bottom bunk accommodation for medical reasons unrelated to any protected conduct in which Plaintiff may have engaged. Accordingly, with respect to Plaintiff's claims that Defendants violated his First Amendment rights,[5] the undersigned recommends that Defendants' motions for summary judgment be granted.

C.   Americans with Disabilities Act and Rehabilitation Act

Lastly, Plaintiff alleges that Defendants, by deleting his bottom bunk accommodation and/or refusing to authorize such an accommodation, violated his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Plaintiff's claims fail, however, because Plaintiff has presented no evidence that he was

---

[4] These claims are found in counts 2, 5, 8, 10, 16, 18, 20, 22, 24, 26, 28, and 30.

[5] These claims are found in counts 4, 7, 11, 17, 21, 25, and 29.

suffering a disability during the relevant time period. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015); *Lee v. City of Columbus*, 636 F.3d 245, 250 (6th Cir. 2011). Accordingly, with respect to Plaintiff's claims that Defendants violated his rights under the ADA and RA,[6] the undersigned recommends that Defendants' motions for summary judgment be granted.

### III. Defendants' Motions to Dismiss

Having recommended that Defendants' motions for summary judgment be granted, the undersigned recommends that Defendants' motions to dismiss (ECF No. 16, 19, and 21) be dismissed as moot.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motions to Dismiss (ECF No. 16, 19, and 21) be dismissed as moot; Defendants' Motions for Summary Judgment (ECF No. 42 and 44) be granted; and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

---

[6] These claims are found in counts 3, 6, 9, 14, 19, 23, 27, and 31.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: August 13, 2024        /s/ Phillip J. Green
        PHILLIP J. GREEN
        United States Magistrate Judge